**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

LIONEL CARTER

V.                                                     Case No. <u>1:21-cv-00215</u>

L&R TRANSPORTATION &
LOGISTICS, LLC and
JAMES ALLEN DUNN

---

## ORIGINAL COMPLAINT

---

### Parties

1.      Plaintiff Lionel Carter is a natural person residing in Bexar County, Texas, whose address is 2761 Chaffee Road, San Antonio, Texas 78234.

2.      Defendant L&R Transportation and Logistics, LLC ("L&R") is an Indiana domestic Limited Liability Company, which may be served in accordance with the Federal Rules of Civil Procedure by serving its Registered Agent, Lynne Rehmel, at 423 N 375 W, Valparaiso, IN 46385.

3.      Defendant James Allen Dunn is a natural person residing in Alabama and may be served at his residence, 100 Nutmeg Drive, Midland City, AL 36350.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction due to the amount in controversy exceeding the sum of $75,000, exclusive of interest and costs.  Diversity of citizenship jurisdiction exists because Plaintiff's domicile is diverse from that of all Defendants.

5.      Personal jurisdiction exists because both Defendants have purposefully availed themselves of doing business in the State of Texas by transporting goods on interstate highways within this state.  Specifically-affiliating minimum contacts with the State of Texas and this district and division were created by James Allen Dunn (who at the time was an employee or owner-operator leased to L&R) becoming involved in a wreck on I-35 in Hays County with Plaintiff, giving rise to Plaintiff's injuries, damages, and the causes of action herein asserted by Plaintiff against both of the Defendants.

### Claims for Relief:  Negligence, Gross Negligence, and Vicarious Liability

6.      On October 21, 2020, Plaintiff Lionel Carter was traveling in the middle lane of I-35 within the city limits of Buda, Texas when a tractor-trailer rig traveling in the left lane of I-35 suddenly and without warning began to merge into Plaintiff's center lane of travel.  The tractor-trailer rig was either owned by, or leased to, Defendant L&R Logistics and Transportation, LLC, and was operated by Defendant James Allen Dunn. As a result of dangerous and illegal lane change, Plaintiff was forced to move out of his lane of travel and into the right lane, where his vehicle collided with another 18-wheeler that was safely traveling in the right lane.

7.      The negligence and gross negligence of L&R's driver, Dunn, put Plaintiff's vehicle in the middle of a potentially deadly 18-wheeler sandwich.

8.      The improper lane change by Defendants' 18-wheeler, at a time when it was unsafe to do so, was contrary to the regulations and regulatory guidance of the Federal Motor Carrier Safety Administration (FMSCA) applicable to commercial vehicles, and resulted in a violent side-swipe collision between Plaintiff's vehicle and the 18-wheeler in the right lane.

9.      At all relevant times, Defendant James Allen Dunn was acting within the course and scope of his employment by L&R Transportation and Logistics, LLC.  Alternatively, at all

relevant times, Defendant Dunn was operating the 18-wheeler pursuant to a lease with L&R and pursuant to L&R's D.O.T. license and authority.

***Vicarious Liability Based Upon Respondeat Superior***

10.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Dunn was engaged in the furtherance of L&R's business.

11.     At the time of the occurrence in question and immediately prior thereto, Defendant Dunn was engaged in accomplishing a task for which Defendant Dunn was employed by L&R.

12.     Plaintiff invokes the doctrine of *respondeat superior* against L&R, which is vicariously liable under said doctrine because Defendant Dunn was operating the 18-wheeler in the course and scope of his employment with L&R, or while leased to L&R and operating under its Federal Motor Carrier D.O.T. authority.

13.     Defendant Dunn was the apparent and ostensible employee and/or agent of L&R, as he held himself out as such, and L&R never outwardly manifested any lack of authority on the part of James Allen Dunn to act as its authorized agent and/or employee.

***Direct Negligence of L&R Transportation and Logistics:***

14.     Defendant L&R is also negligent in one or more of the following respects:

    a.   Negligent hiring of Defendant Dunn, specifically in light of Dunn's significant previous criminal history, including at least one prior felony conviction, and multiple speeding tickets, including egregious speeding violations;

    b.   Negligent training of Defendant Dunn, specifically with respect to defensive driving techniques and conscious awareness of watching out for vehicles in the "No Zones" or blind spots of his commercial motor vehicle (CMV);

    c.   Negligent supervision and monitoring of Defendant Dunn;

    d.  Negligent retention of Defendant Dunn;

    e.  Negligent entrustment of L&R's vehicle to Defendant Dunn;

    f.  Failure to properly maintain the vehicle involved in the incident;

    g.  Failure to adequately inspect the vehicle for the prevention of collisions by L&R's employees and/or leased drivers;

    h.  Failure to implement adequate safety programs for the prevention of collisions by L&R's employees and/or leased drivers; and

    i.  Failure to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its employed and/or leased drivers, especially with respect to defensive driving techniques and conscious awareness of watching out for vehicles in the "No Zones" or blind spots of CMVs; and

    j.  Not properly training its employees and/or leased drivers to stop and wait for law enforcement officers to arrive after becoming involved in a collision.

15.    Each of these acts and/or omissions by L&R, whether taken singularly or in any combination, constitute negligence and gross negligence that proximately caused the collision and injuries and other losses specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

***Gross Negligence of L&R Transportation and Logistics, LLC***

16.    L&R's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, the motor carrier's conduct involved an extreme degree of risk given the probability and magnitude of the potential harm to Plaintiff. L&R had actual, subjective awareness

of the risk involved in employing Dunn or leasing his unit from him, based upon his rather lengthy "rap sheet" with respect to criminal matters, but, nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiff and/or others similarly situated by hiring him or leasing with him as an owner-operator.

17.     Accordingly, the acts and/or omissions of L&R Transportation and Logistics, LLC, as outlined in sub-parts a – j above, constitute gross negligence as defined in TEX. CIV. PRACT. & REM. CODE § 41.001(11).

18.     Each of these acts and/or omissions of L&R, whether taken singularly or in any combination, constitute negligence and gross negligence that proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

**_Negligence of Driver James Allen Dunn_**

19.     Defendant Dunn, as agent and/or employee of L&R, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

20.     At the time of the collision, Defendant Dunn was driving a vehicle owned or leased by Defendant L&R, and he was acting within the course and scope of his employment or engagement by Defendant L&R.

21.     The negligent, careless and reckless disregard of duty by Defendant Dunn, as an employee and/or agent of Defendant L&R, consisted of, but is not limited to, the following acts and omissions:

      a.   In failing to keep a proper lookout or such lookout which a properly-trained CMV driver would have maintained under the same or similar circumstances,

including particularly failure to properly make a visual search for surrounding vehicles, failure to scan and use his mirrors in a reasonably prudent manner as an over-the-road trucker should do under similar circumstances, adjusting his speed and direction accordingly, maintaining proper distance, and in failing to take effective accident countermeasures, in violation of 49 CFR §§ 383.110, 383.111, and 383.113;

b. Failing to scan frequently from side to side and to the rear to be on the lookout for passing or approaching vehicles entering his blind spots or "No Zones," as contemplated under FMCSA regulatory guidance;

c. Failing to scan far enough ahead to be able to react safely to approaching situations, as contemplated under FMCSA regulatory guidance;

d. Failing to respond to the repeated sound of honking horns, warning him of his illegal lane change into Plaintiff's lane of travel;

e. Failing to stop and allow himself to be questioned by law enforcement officers responding to the scene of the crash;

f. In driving his vehicle at a rate of speed which was greater than that which a person of ordinary prudence would have driven under the same or similar circumstances, in violation of Texas Transportation Code § 545.351;

g. In failing to maintain an assured clear distance between the vehicle Plaintiff was in and Defendants' vehicle in violation of Texas Transportation Code § 545.104;

h. In failing to use a signal to indicate an intention to turn, change lanes, or start from a parked position in violation of Texas Transportation Code § 545.104;

i.   In failing to move from one lane to the next without making sure that the movement can be made safely, in violation of Texas Transportation Code § 545.060;

j.   In failing to drive defensively to avoid an emergency;

k.   In failing to give warning by sounding the horn, in violation of Texas Transportation Code § 552.008;

l.   In recklessly driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff and his vehicle in violation of Texas Transportation Code § 545.401;

m.   Each of these acts and/or omissions of Defendant Dunn, whether taken singularly or in any combination, constitutes negligence and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and will continue to suffer in the future, if not for the remainder of his natural life, as well as damages and other losses to Plaintiff.

***Gross Negligence of Driver James Allen Dunn***

22.   Defendant Dunn's negligence was more than momentary thoughtlessness or inadvertence.  Rather, Defendant Dunn's conduct involved an extreme degree of risk given the probability and magnitude of the potential harm to Plaintiff.  As a driver licensed and trained to operate CMVs, Defendant Dunn had actual, subjective, conscious awareness of the risks involved with attempting to change lanes with inadequate surveillance but, nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiff and/or others similarly situated.

23.     Accordingly, the acts and/or omissions by Defendant Dunn, as outlined above under paragraph 20(a) through (m), constitute gross negligence, as defined at TEX. CIV. PRACTICE & REM. CODE § 41.001(11).

24.     Each of these acts and/or omissions of Defendant Dunn, whether taken singularly or in any combination, constitutes negligence and gross negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and will continue to suffer in the future, if not for the remainder of his natural life, as well as damages and other losses to Plaintiff.

## Damages

***Compensatory Damages***

25.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff Lionel Carter sustained severe bodily injuries to his head, neck, back, and other parts of his body generally.  The injuries are permanent in nature and have had a serious negative impact on Plaintiff's overall health and well-being.  These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate substantially, which trend is expected to continue into the reasonably foreseeable future, if not for the duration of his natural life.  Plaintiff's injuries make it impossible for him to pursue his ordinary work-related and recreational activities as he had before, significantly degrading his quality of life. Plaintiff seeks to recover the cost of his past medical treatment, the reasonably probable and expected cost of his future medical treatment, past and future physical pain and suffering, past and future mental pain and suffering, physical disability and resulting loss of quality of life (past and future), past lost wages, and loss of future earnings capacity, all of which have been proximately

caused by injuries sustained in the accident as a result of Defendants' negligence and gross negligence.

26.     Plaintiff's past medical expenses are fixed and have been incurred for reasonably necessary medical treatment. The charges were reasonable and represent the usual and customary charges for such services in the county where they were incurred.  His future medical care needs are causally related to injuries he sustained in the accident, and are likely to be incurred in the future in terms of reasonable medical probability or more likely than not.  Plaintiff's past lost earnings have similarly been fixed and will be established at trial as pecuniary damages.  His disability-related relative disadvantages in the competitive labor market and consequent loss of future earnings capacity are also capable of being forecast in terms of reasonable probability or more likely than not, and will be established by competent expert testimony at the time of trial.

*Exemplary Damages*

27.     Plaintiff re-alleges and incorporates by reference each of the previous paragraphs as if fully set forth in this section.

28.     Given that Defendants' gross negligence proximately caused Plaintiff to suffer the injuries and damages enumerated herein, Defendants are subject to having an award of punitive or exemplary damages rendered against them, and awarded to Plaintiff in an amount deemed appropriate by the jury under relevant legal standards, as instructed by the Court.

*Legal Interest*

29.     Plaintiff further seeks to recover both pre- and post-judgment interest on the entire damage award as allowed by law.

**Request for Jury Trial**

30.     Plaintiff hereby requests a TRIAL BY JURY as to all claims and causes of action raised herein, and unconditionally tenders payment of any necessary jury fees.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lionel Carter requests that the Defendants be cited to appear and answer herein, and that, after due proceedings are had, Plaintiff have and recover judgment jointly and severally against both Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post- judgment interest allowed by law, all costs of court, and for such other and further relief, general or special, legal or equitable, as Plaintiff may show himself justly entitled to receive, including but not limited to:

a.  Pain and suffering in the past;
b.  Pain and suffering in the future;
c.  Mental anguish in the past;
d.  Mental anguish in the future;
e.  Past medical expenses;
f.  Future medical expenses;
g.  Physical impairment / disability in the past;
h.  Physical impairment / disability in the future;
i.  Physical disfigurement in the past;
j.  Physical disfigurement in the future;
k.  Loss of wages in the past;
l.  Loss of future earning capacity;
m.  Pre-judgment interest;
n.  Post-judgment interest;
o.  Property damage and loss of use; and
p.  Exemplary damages.

Respectfully submitted,

**THOMAS J. HENRY INJURY ATTORNEYS**
5711 University Heights Boulevard
Suite 101
San Antonio, Texas 78249
Telephone: (361) 656-1000


By:      *Bruce D. Beach*
Bruce D. Beach
State Bar No. 01944800
**ATTORNEY FOR PLAINTIFFS**


**DEFENDANTS TO BE SERVED
PURSUANT TO FED. R. CIV. P. 4:**

L&R Transportation & Logistics, LLC
By and through its Registered Agent and Member,
Lynne Rehmel
423 N. 375 W.
Valparaiso, IN  46385

James A. Dunn
100 Nutmeg Drive
Midland City, AL  36350