# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LIONEL CARTER,<br>　　*Plaintiff*<br><br>v.<br><br>L&R TRANSPORTATION AND<br>LOGISTICS, LLC, and<br>JAMES ALLEN DUNN,<br>　　*Defendants* | § § § § § § § § § § § <br>Case No. 1:21-cv-215-DAE |

## O R D E R

Now before the Court are Plaintiff's Motion to Compel Defendants' Discovery Responses, filed September 9, 2022 (Dkt. 35); Defendants' Motion to Continue Response Date to Plaintiff's Motion to Compel Defendants' Discovery Responses and Motion for Parties to Confer, filed September 13, 2022 (Dkt. 38); Plaintiff's Response to Defendants' Motion to Continue Response Date to Plaintiff's Motion to Compel Defendants' Discovery Responses and Motion for Parties to Confer, filed September 20, 2022 (Dkt. 39);[1] and Defendants' Response to Plaintiff's Motion to Compel Defendants' Discovery Responses, filed September 21, 2022 (Dkt 41). By Text Orders entered September 12 and September 14, 2022, the District Court referred the Motions to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended ("Local Rules").

### I.  Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

---

[1] It appears that Plaintiff filed his response twice, the second time reattaching the exhibits to his Motion to Compel. Dkt. 40. Plaintiff's duplicative filing has been given no consideration.

1

of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## II. Defendants' Motion for Extension of Time to Respond

Pursuant to Local Rule CV-7(d)(2), Defendants' response to Plaintiff's Motion to Compel was due September 16, 2022. On September 13, 2022, counsel for Defendants requested a 30-day extension of the deadline, "as he has a trial set for July 26, 2022 in Duval County." Dkt. 38 ¶ 6. Given that this trial date passed nearly two months before Defendants moved for an extension of time to file their response, Defendants' Motion is **DENIED** for failure to show good cause. Defendants' Response to Plaintiff's Motion to Compel Defendants' Discovery Responses, filed September 21, 2022, therefore is untimely.

Defendants also ask the Court to order the parties to confer. The parties are obligated to confer before filing any nondispositive motion pursuant to Local Rule CV-7(g), and their efforts associated with the instant Motions have been sorely deficient. Counsel for both parties are **ORDERED** henceforth to comply with Local Rule CV-7(g) and strongly admonished of their obligation to confer in good faith and attempt to resolve any future issues promptly and amicably,

without the need for judicial intervention. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McCallum v. Camping World, Inc.*, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that "good faith" requirement of Local Rule CV-7 "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse").

### III.  Plaintiff's Motion to Compel

The discovery deadline in this case expired on April 7, 2022. Agreed Scheduling Order, Dkt. 16 ¶ 6; *see also* Order Vacating Pretrial Conference and Trial Date, Dkt. 30 (vacating final pretrial conference and trial settings and ordering that remaining deadlines remain in effect). Local Rule CV-16 provides: "Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." Plaintiff's Motion was filed nearly five months late and he has not established – or even argued – that any exceptional circumstances exist. Accordingly, Plaintiff's Motion to Compel is **DENIED** as untimely under Local Rule CV-16.

### IV.  Conclusion

Plaintiff's Motion to Compel Defendants' Discovery Responses (Dkt. 35) and Defendants' Motion to Continue Response Date to Plaintiff's Motion to Compel Defendants' Discovery Responses and Motion for Parties to Confer (Dkt. 38) are **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable David A. Ezra.

**SIGNED** on September 21, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE