# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **LIONEL CARTER,**<br>　　*Plaintiff* | §<br>§<br>§ | |
| **v.** | §<br>§ | Case No. 1:21-cv-215-DAE |
| **L&R TRANSPORTATION AND<br>LOGISTICS, LLC, and<br>JAMES ALLEN DUNN,**<br>　　*Defendants* | §<br>§<br>§<br>§ | |

### O R D E R

Now before the Court is Plaintiff's Motion to Quash Deposition on Written Questions, filed November 7, 2022 (Dkt. 43). By Text Order entered November 8, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiff's Motion is **DENIED** as untimely and for failure to comply with Local Rule CV-7(g). Plaintiff's counsel is urged to re-read the Order entered in this case on September 21, 2022 (Dkt. 42), denying Plaintiff's Motion to Compel (Dkt. 35) for the same reasons:

> The discovery deadline in this case expired on April 7, 2022. Agreed Scheduling Order, Dkt. 16 ¶ 6; *see also* Order Vacating Pretrial Conference and Trial Date, Dkt. 30 (vacating final pretrial conference and trial settings and ordering that remaining deadlines remain in effect). Local Rule CV-16 provides: "Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." Plaintiff's Motion was filed nearly [seven] months late and he has not established – or even argued – that any exceptional circumstances exist. Accordingly, Plaintiff's Motion to [Quash] is **DENIED** as untimely under Local Rule CV-16.

Dkt. 42 at 3.

In addition to being untimely under Local Rule CV-16, Plaintiff's Motion to Quash also lacks the certificate of conference required by Local Rule CV-7(g), reproduced here in its entirety:

> **(g) Conference Required.** The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

*See also* Dkt. 42 at 2-3 (addressing Local Rule CV-7(g)).

For these reasons, Plaintiff's Motion to Quash Deposition on Written Questions (Dkt. 43) is **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable David A. Ezra.

**SIGNED** on November 16, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE